UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL BARD, )
    Plaintiff )
 )
v. )
 )
BOSTON SHIPPING ASSOCIATION- )
INTERNATIONAL LONGSHOREMEN'S )
ASSOCIATION PENSION PLAN, a/k/a )
BSA-ILA PENSION PLAN, a/k/a )
BSA-ILA TRUST FUND, )
    Defendant, )

04cv11946 NMG

### Defendants' Answer To Plaintiff's Amended Complaint

1. Admit.
2. Admit.
3. Admit.
4. Admit.
5. Admit.
6. Defendants state that the plan documents speak for themselves.
7. Defendants state that the plan documents speak for themselves.
8. Admit.
9. On information and belief, admit.
10. On information and belief, admit.
11. Defendants state that the plan documents speak for themselves.
12. On information and belief, admit.
13. Defendants state that the plan documents speak for themselves.
14. Admit.
15. Paragraph 15 states a legal conclusion to which no response is required.
16. Paragraph 16 states a legal conclusion to which no response is required.
17. Admit.
18. Defendants state that the referenced document speaks for itself.
19. Defendants state that the plan documents speak for themselves.
20. Defendants state that the plan documents speak for themselves.
21. Defendants state that the plan documents speak for themselves.
22. Defendants state that the plan documents speak for themselves.
23. Defendants state that the plan documents speak for themselves.

24. Defendants state that the plan documents speak for themselves.
25. Defendants state that the plan documents speak for themselves.
26. Admit.
27. Defendants state that the plan documents speak for themselves.
28. Admit.
29. Admit.
30. Admit.
31. Admit.
32. Defendants state that the Plaintiff's proffered medical documentation speaks for itself.
33. Defendants state that the Plaintiff's proffered medical documentation speaks for itself.
34. Defendants state that the Plaintiff's proffered medical documentation speaks for itself.
35. Admit.
36. Denied.
37. Defendants state that the Plaintiff's proffered medical documentation speaks for itself.
38. Defendants state that the Plaintiff's proffered medical documentation speaks for itself.
39. Defendants state that the Plaintiff's proffered medical documentation speaks for itself.
40. Defendants state that the Plaintiff's proffered medical documentation speaks for itself.
41. Defendants state that the Plaintiff's proffered medical documentation speaks for itself.
42. Defendants state that the Plaintiff's proffered medical documentation speaks for itself.
43. Defendants state that the Plaintiff's proffered medical documentation speaks for itself.
44. Defendants have insufficient information to either admit or deny Paragraph 44. Further answering, BSA is a separate legal entity wholly independent of the Defendants, is not a party to this case, and the Defendants are not responsible for any alleged actions or statements of BSA and any such alleged actions or statements are not attributable to the Defendants.
45. Paragraph 45 states a legal conclusion to which no response is required.
46. Defendants have insufficient information to either admit or deny Paragraph 46. Further answering, BSA is a separate legal entity wholly independent of the Defendants, is not a party to this case, and the Defendants are not responsible for any alleged actions or statements of BSA and any such alleged actions or statements are not attributable to the Defendants.
47. Defendants have insufficient information to either admit or deny Paragraph 47. Further answering, BSA is a separate legal entity wholly independent of the Defendants, is not a party to this case, and the Defendants are not responsible for any alleged actions or statements of BSA and any such alleged actions or statements are not attributable to the Defendants.
48. Defendants have insufficient information to either admit or deny Paragraph 48. Further answering, BSA is a separate legal entity wholly independent of the Defendants, is not a party to this case, and the Defendants are not responsible for any alleged actions or statements of BSA and any such alleged actions or statements are not attributable to the Defendants.
49. Defendants state that the Social Security Administration determination speaks for itself.
50. Admit that one or about that date the Plaintiff submitted an application for a disability

pension.
51. Denied. The Plan Administrator reviewed the Plaintiff's application and determined that he was not eligible to apply for a disability pension.
52. Denied. Defendants admit that the Plan Administrator referenced a prior arbitration decision which held that an individual who had been terminated from employment, but whose disability arose after his termination, was not eligible to apply for a disability pension under the Plan.
53. Denied. The Plan Administrator determined, from the evidence submitted by the Plaintiff himself, that the Plaintiff was not eligible to apply for a disability pension.
54. Defendants have insufficient information to either admit or deny Paragraph 54, but submit that such allegation is irrelevant.
55. Denied. The Board of Trustees had not made any decision.
56. Denied. The Board of Trustees had not made any decision.
57. Denied. The Board of Trustees had not made any decision.
58. Denied. Plaintiff appealed the determination of the Plan Administrator that he was not eligible to apply for a disability pension.
59. Admit.
60. Denied.
61. Defendants admit that on appeal Plaintiff submitted evidence in support of his alleged disability.
62. Admit.
63. Denied. The Trustees met for the first time on Plaintiff's appeal from the Plan Administrator's prior determination that he was not eligible to apply for a disability pension.
64. Admit.
65. Admit.
66. Denied. The Plaintiff's appeal of the Plan Administrator's prior decision that he was not eligible to apply for a disability pension was not determined one way or another because the vote was a deadlock. Further answering, Plaintiff's eligibility to receive a disability pension in the event he was eligible to apply for one was not the issue.
67. Denied. Defendants admit that the Trustees deadlocked, but the vote was on the issue of whether or not the Plaintiff was eligible to apply for a disability pension, not on whether or not he had satisfied the Plan's criteria for an award of a disability pension.
68. Denied.
69. Denied. The Trustees had not yet reached any decision.
70. Admit, but further answering that the Trustees had not yet reached any decision.
71. Denied. The Trustees had not yet reached any decision.
72. Defendants admit that Plaintiff sought reconsideration of the Trustees' deadlocked vote and that he then submitted further medical information in support of reconsideration, much of which was directly contrary to his previously submitted evidence and which in some instances posited a date of disability onset occurring years before the Plaintiff had even treated or consulted with said providers.
73. Defendants state that the Plaintiff's alleged medical documentation speaks for itself.

|     | |
| --- | --- |
|     | Further answering, much of Plaintiff's alleged medical documentation submitted in support of reconsideration was directly contrary to his previously submitted evidence and which in some instances posited a date of disability onset occurring years before the Plaintiff had even treated or consulted with said providers. |
| 74. | Denied. |
| 75. | Admit that the Trustees met to reconsider on said date, but that such reconsideration was limited to the issue of whether or not Plaintiff was eligible to apply for a disability pension. |
| 76. | Denied. The Trustees deadlocked on the issue of whether or not the Plaintiff was eligible to apply for a disability pension. |
| 77. | Defendants state that said letter speaks for itself. Further answering, BSA has nothing to do with this case. The Fund and Trustees are legal entities independent of the BSA. |
| 78. | Defendants' responses to Paragraphs 1-77 are hereby realleged and restated as though fully set forth herein. |
| 79. | Admit that Plaintiff filed this suit on or about said date. Defendants deny that the issue in the case, at least at that time, was a denial of benefits. |
| 80. | Denied. Further answering, the Plan provides for an arbitration in the event the Trustees deadlock, which arbitration was pending at the time this Complaint was filed. The request was to let the arbitration proceedings run their course and then reassess the situation and answer the Complaint if necessary. |
| 81. | Denied. The Arbitrator held a hearing. Further answering, the purpose of the hearing was to resolve a deadlock among the Trustees on the issue of whether or not the Plaintiff was eligible to apply for a disability pension. |
| 82. | Admit. Further answering, the only issue discussed and voted on by the Trustees at any point until this arbitration was the issue of whether or not Plaintiff was eligible to apply for a disability pension. Under the Plan, if the Trustees are deadlocked, then there actually has not been a decision. The decision of the Trustees effectively then is the decision of the Arbitrator as the tie-breaker. Depending upon the result of the arbitration, the Trustees then may or may not have to consider the question of whether the Plaintiff was eligible for a disability pension. |
| 83. | Defendants state that the Arbitrator's decision speaks for itself. |
| 84. | Denied. |
| 85. | Denied. |
| 86. | Admit. |
| 87. | Admit that the Trustees voted, 10-4, to deny Plaintiff a disability pension on the basis that the Plaintiff was not totally and permanently disabled within the meaning of the Plan while he was employed under the BSA-ILA collective bargaining agreement. The Trustees specifically noted in their letter of denial that the Plaintiff was "eligible to apply for a regular pension on the basis of age when [he] attain[ed] the appropriate age." |
| 88. | Denied. The Plan's counsel stated that when he had received a copy of the denial letter, he would forward it to Plaintiff's counsel. |
| 89. | The Plaintiff was informed of the Plan's denial of his application for a disability pension by letter dated April 28, 2005. |

90. Defendants' responses to Paragraphs 1-89 are hereby realleged and restated as though fully set forth herein.
91. Defendants have insufficient information to either admit or deny Paragraph 91. Further answering, BSA is a separate legal entity wholly independent of the Defendants, is not a party to this case, and the Defendants are not responsible for any alleged actions or statements of BSA and any such alleged actions or statements are not attributable to the Defendants.
92. Defendants have insufficient information to either admit or deny Paragraph 92.
93. On information and belief, admit.
94. Denied. The Plan Administrator refused to process the Plaintiff's application on the basis that he was not entitled to apply for a disability pension. Again, the issue at this point was Plaintiff's eligibility to apply for a disability pension, not whether he was entitled to an award of a disability pension under the Plan.
95. Admit that the Plaintiff appealed the threshold determination of the Plan Administrator to the Board of Trustees.
96. Admit that on said date the Board of Trustees deadlocked 7-7 on the issue of the Plaintiff's eligibility to apply for a disability pension. Otherwise denied.
97. Denied.
98. Defendants state that the Plan speaks for itself. Further answering, the issue was a threshold issue of eligibility to apply for a disability pension, not the merits of Plaintiff's application. Thus Paragraph 13.11 does not apply because it was not a decision on the merits of Plaintiff's application.
99. Denied. The vote was not on the Plaintiff's benefits, but on his eligibility to apply for a disability pension.
100. Denied. The vote was not on the Plaintiff's benefits, but on his eligibility to apply for a disability pension.
101. Denied.
102. Denied.
103. Denied.
104. Defendants state that the minutes speak for themselves.
105. Admit.
106. Denied.
107. Further answering, the Plaintiff is eligible to apply for a regular pension on the basis of age when he attains the appropriate age.
108. Admit. Further answering, the Plaintiff is eligible to apply for a regular pension on the basis of age when he attains the appropriate age.
109. Admit that on said date Plaintiff was informed that the Trustees had deadlocked on the issue of Plaintiff's eligibility to apply for a disability pension. Deny that this was an effective denial of Plaintiff's claim.
110. Admit that the Fund sought legal counsel on the issue of whether or not a determination that an applicant was not eligible to apply for a disability pension, in the event of a Trustee deadlock, was an issue which the Fund should submit to an impartial umpire under the Plan, and that Plaintiff was so informed.

111. Denied.
112. Denied.
113. Denied. Further answering, the Plan provides that an applicant for a disability pension, as distinct from a regular pension, must be totally and permanently disabled while still employed.
114. Admit.
115. Defendants state that the Plan speaks for itself. Further answering, an arbitrator is an impartial umpire, and the Plan's Agreement and Declaration of Trust specifically provides for arbitration.
116. Denied.
117. Admit so far as the allegation goes. Further answering, however, in the event of a Trustee deadlock, the decision of the impartial umpire effectively becomes the Trustees' decision.
118. Admit. Further answering, however, the "final decision" would be on the Plaintiff's eligibility to apply for a disability pension. Again, depending on the Arbitrator's decision, the Trustees then may or may not have to decide Plaintiff's application for a disability pension on its merits.
119. Defendants state that the Arbitrator's decision speaks for itself.
120. Defendants state that the Arbitrator's decision speaks for itself.
121. Admit that subsequent to the Arbitrator's decision, the Trustees denied the Plaintiff's application for disability benefits. The Plaintiff was so informed by letter dated April 28, 2005.
122. Denied. The Plan's counsel stated that the issue of Plaintiff's eligibility for a disability pension, having been finally reached and decided by the Trustees, was ripe for federal court adjudication.
123. Defendants admit that for purposes of this case, given its lengthy history and in the interests of closure one way or another, the Plaintiff may be considered as having exhausted his administrative remedies, and waives a failure to exhaust administrative remedies as an affirmative defense.
124. Admit.
125. Defendants admit that for purposes of this case, given its lengthy history and in the interests of closure one way or another, the Plaintiff may be considered as having exhausted his administrative remedies, and waives a failure to exhaust administrative remedies as an affirmative defense.
126. Defendants admit that for purposes of this case, given its lengthy history and in the interests of closure one way or another, the Plaintiff may be considered as having exhausted his administrative remedies, and waives a failure to exhaust administrative remedies as an affirmative defense. Defendants deny the date alleged, and state that said date is April 28, 2005, the date of the Trustees' letter of denial to the Plaintiff.
127. Defendants' responses to Paragraphs 1-126 are hereby realleged and restated as though fully set forth herein.
128. Admit that Plaintiff, through his counsel, sent such a letter.
129. Admit.
130. Defendants state that said documents speak for themselves. Further answering, the Plan

        Administrator rejected the Plaintiff's application because he was considered to be not eligible to apply for a disability pension.

131. Defendants state that said documents speak for themselves. Further answering, the Trustees deadlocked on the question of the Plaintiff's eligibility to apply for a disability pension.
132. Denied.
133. Admit that the Plaintiff requested reconsideration of the Trustees' vote, but deny that the issue voted on was the Plaintiff's eligibility for a disability pension.
134. Admit that the Plaintiff submitted additional evidence in support of his request for reconsideration. Otherwise denied.
135. Admit.
136. Denied. Further answering, on said date the Trustees deadlocked 7-7 on the issue of whether or not the Plaintiff was eligible to apply for a disability pension.
137. Defendants state that said letter speaks for itself. Further answering, the Fund sought legal counsel on the issue of whether or not a determination that an applicant was not eligible to apply for a disability pension, in the event of a Trustee deadlock, was an issue which the Fund should submit to an impartial umpire under the Plan, and that Plaintiff was so informed.
138. Denied.
139. Admit.
140. Defendants admit stating that an unfavorable arbitrator's decision could be appealed to the federal court, and that in the event of a favorable arbitrator's decision, a subsequent adverse decision of the Trustees' on the merits of the Plaintiff's application for a disability pension could be appealed to the federal court. Otherwise denied.
141. Admit.

## COUNT I
### Improper Denial Of Disability Benefits (ERISA §502©)(3)

142. Defendants' responses to Paragraphs 1-141 are hereby realleged and restated as though fully set forth herein.
143. Denied. Plaintiff is a "terminated Participant" in the Plan, meaning he has an accrued but deferred retirement benefit, no longer is employed under the collective bargaining agreement, and has not yet attained retirement age. When the Plaintiff reaches normal retirement age under the Plan, he will be eligible for his deferred accrued benefits.
144. Denied. Plaintiff is a "terminated Participant" in the Plan, meaning he has an accrued retirement benefit (in which he is vested), no longer is employed under the collective bargaining agreement, and has not yet attained retirement age. When the Plaintiff reaches normal retirement age under the Plan, he will be eligible for a normal pension based on his vested accrued benefits.
145. For purposes of this litigation only, admit.
146. Denied.
147. Admit that the Trustees relied upon the medical and other evidence submitted by the

148. Plaintiff, as well as the circumstances surrounding its submission and the sequence of its submission, in ultimately denying the Plaintiff's application for a disability pension. Otherwise denied.
148. Denied.
149. Denied.
150. Denied.
151. Admit. Further answering, when the Plaintiff reaches normal retirement age under the Plan, he will be eligible for a normal pension based on his vested accrued benefits.
152. Denied.
153. Denied.

### COUNT II
### Clarification Of Future Benefits: Normal Retirement Benefits (ERISA §502(a)(1)(B))

154. Defendants' responses to Paragraphs 1-153 are hereby realleged and restated as though fully set forth herein.
155. Denied. Further answering, Plaintiff's original application was rejected because it was initially determined that he was not eligible to <u>apply</u> for a disability pension, in reliance on a prior arbitration decision.
156. Denied. Further answering, Plaintiff has consistently refused to understand the distinction between eligibility for a disability pension, with eligibility for a normal pension.
157. Admit that the ultimate decision on the Plaintiff's application for a disability pension was adverse to Plaintiff because he did not meet the Plan's eligibility criteria for a disability pension, which was for the Plaintiff to demonstrate that he was totally and permanently disabled while employed, as he was so informed by letter dated April 28, 2005.
158. Admit for purposes of this litigation only.
159. Admit for purposes of this litigation only.
160. Admit that the Plaintiff is vested in his accrued benefit for a normal retirement pension. Defendants deny that anyone, including the Plaintiff, has any vested interest in a disability pension.
161. Denied.

### **Affirmative Defenses**

1. Defendant has failed to state a claim upon which relief can be granted.

2.  The Defendants denial of Plaintiff's application for a disability pension was not arbitrary and capricious.

>  Respectfully Submitted by
>  The Defendants
>  by their attorney
>
>  *Geoffrey P. Wermuth /aa*
>  Geoffrey P. Wermuth, BBO #559681
>  Murphy, Hesse, Toomey & Lehane, LLP
>  World Trade Center East, 4th Fl.
>  2 Seaport Lane
>  Boston, MA 02210
>  (617) 479-5000

Date: May 24, 2005

### Certificate of Service

I, Geoffrey P. Wermuth, hereby certify that on this 24th day of May, 2005, I served a true copy of the foregoing upon counsel of record for the Plaintiff, Robert E. Daidone, Esq., 44 School St., Suite 500, Boston, MA 02108, by hand.

*Geoffrey P. Wermuth /aa*
Geoffrey P. Wermuth