determined by this Court as to whether such is required by the Plan and Trust documents;

2. Provide a deadline date by which Defendant must file his response to the complaint;

3. Make a determination on the issues raised herein only after, and if such need to be addressed as a consequence of the response filed by the Defendant.

December 17, 2004

_____
Robert E. Daidone, Esq.
BBO# 544438
100 State Street
10th Floor
Boston, MA 02109
(617) 722-9310


### CERTIFICATE OF SERVICE

The above Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction was sent by fax to Geoffrey P. Wermuth, Esq. of Murphy, Hesse, and Lehane, LLP by fax at (617) 479-6469 on this 17th day of December, 2004, and notification of the sending of such fax was confirmed by telephone call on this same date.

December 17, 2004

_____
Robert E. Daidone, Esq.
BBO# 544438
100 State Street
10th Floor
Boston, MA 02109
(617) 722-9310

**MURPHY, HESSE, TOOMEY & LEHANE, LLP**

**Attorneys At Law**

CROWN COLONY PLAZA
300 CROWN COLONY DRIVE, SUITE 410
P.O. BOX 9126
QUINCY, MA 02269-9126
TEL: (617) 479-5000   FAX: (617) 479-6469

WORLD TRADE CENTER EAST
TWO SEAPORT LANE
BOSTON, MA 02210
TEL: (617) 479-5000   FAX: (617) 338-1324

ONE MONARCH PLACE, SUITE 1310R
SPRINGFIELD, MA 01144
TEL: (800) 227-6485   FAX: (617) 479-6469

Arthur P. Murphy
James A. Toomey
Katherine A. Hesse
Michael C. Lehane
John P. Flynn
Regina Williams Tate
Edward F. Lenox, Jr.
Mary Ellen Sowyrda
David A. DeLuca
Ann M. O'Neill
Michael F.X. Dolan, Jr.
Donald L. Graham
Andrew J. Waugh
J. David Moran
Doris R. MacKenzie Ehrens
Mary L. Gallant
Robert M. Delahunt, Jr.
Lorna M. Hebert

Geoffrey P. Wermuth
Joseph F. Bartulis, Jr.
Clifford R. Rhodes, Jr.
Kathryn M. Murphy
Scott E. Bettencourt
Stacey G. Bloom
Michael R. Bertoncini
Adam D. Janoff
Thomas W. Colomb
Monica Swanson Tesler
David A. Appugliese
Rebecca L. Andrews
Jennifer N. Geosits
Bryan R. LeBlanc
Kimberly A. Mucha
Jason M. Gesing
Christina Gentile
Beth Leopold Ross

Of Counsel
Paul F. Dempsey
William P. Breen, Jr.

Scott Harshbarger

*Please Respond to Boston*

September 22, 2004

Robert E. Daidone, Esq.
100 State Street
10th Floor
Boston, MA 02109

RE:   **Bard v. BSA-ILA Pension Plan, USDC CA No. 04-11946-NMG:**

Dear Attorney Daidone:

Thank you for taking the time to discuss this case with me today. As we agreed, I will accept service of the Complaint effective today. Thus the current time for filing an Answer to the Complaint is October 12, 2004. You also appeared to indicate some willingness to extend that time if necessary. We also discussed my proposal to stay the case pending arbitration, which you agreed to take some time to consider. I also agreed to let you know as soon as possible when the arbitration was scheduled.

Thank you for your consideration in this matter, and if you have any questions please give me a call.

Very truly yours,

Geoffrey P. Wermuth

GPW\ms
cc:   David Appugliese, Esq.
      Richard Meyer, Esq.

## ANGOFF, GOLDMAN, MANNING, WANGER & HYNES, P.C.

E. DAVID WANGER
J. F. McMAHON
PAUL T. HYNES

COUNSELLORS AT LAW
45 BROMFIELD STREET
FLOORS 8 & 9
BOSTON, MASSACHUSETTS 02108-4106

(617) 723-6500
FACSIMILE: (617) 742-1015

SAMUEL E. ANGOFF
(1929-1978)
SIDNEY S. GRANT
(1929-1957)

OF COUNSEL

ALBERT L. GOLDMAN
ROBERT D. MANNING

VIA FAX: 617-523-8352
CERTIFIED MAIL – RETURN RECEIPT REQUESTED
# 7000 2870 0000 6625 2188

December 2, 2004

Robert E. Daidone, Esq.
100 State Street – 10th Floor
Boston, MA 02109

RE: B.S.A./I.L.A. Pension Plan - Paul Bard – Trustee Deadlock
    (Our File# 352-2004)

Dear Sir:

This law firm represents the International Longshoremen's Association local unions in the Port of Boston and vicinity.

Upon deadlocked vote by trustees of the BSA-ILA Pension Plan, the issue of Mr. Bard's entitlement to apply for disability pension is proceeding to arbitration. Hearing now is scheduled for December 20, 2004.

The ILA has attempted without success to reach Mr. Bard. Thus, I am corresponding with you.

Please provide me with all medical and other documents relied upon by Mr. Bard in terms of his claim of disability, including, of course, information as to the occurrence of disability prior to Mr. Bard's discharge.

Please advise if Mr. Bard has any concerns regarding the ILA's participation in the arbitration.

Given the proximity of hearing, I would appreciate an expedited, substantive response to the foregoing.

Very truly yours,

E. David Wanger
EDW\pf
cc: Jim Langan, ILA

LAW OFFICES OF
**ROBERT E. DAIDONE**
100 STATE STREET
10TH FLOOR
BOSTON, MA 02109
(617) 722-9310
(617) 523-8352 (FAX)

CERTIFIED – RECEIPT REQUESTED

AND VIA FAXES: (617) 479-6469 & (617) 742-1015

December 13, 2004

Geoffrey P. Wermuth, Esq.
Murphy, Hess, Toomey & Lehane, LLP
300 Crown Colony Drive, Suite 410
Quincy, MA 02269-9126

E. David Wanger, Esq.
Angoff, Goldman, Manning
 Wanger & Hynes, P.C.
45 Bromfield Street
Floors 8 & 9
Boston, MA 02108-4106

RE: Paul Bard v. BSA-ILA Pension Plan
 U.S. District Court C.A. No. 04-11946-NMG

Dear Attorneys Wermuth and Wanger:

On December 4, 2004, we received notice from Attorney Wanger, representative of the International Longshoremen's Association ("ILA"), of an arbitration to be held on December 20th regarding resolution of a "trustee deadlock" on Paul Bard's "entitlement to apply for disability pension" under the BSA-ILA Pension Plan ("Plan"). In addition to informing us of the arbitration, the we were asked if we had issues with "ILA's participation in the arbitration."

This letter is intended to address that question, as well as other issues with respect to the abovementioned proceeding.

With regard to the "ILA's participation in the arbitration", we presume that such refers to an offer by ILA ("the Union") to represent Mr. Bard at the arbitration hearing of December 20, 2004. Mr. Bard had informed us that he longer represented by the Union. He was informed by the Union that he would no longer be in the Union after discontinuance of payment of Union fees (which he discontinued) about the year 2001, and he was told again this year that he was not

being represented by the Union with respect to the ERISA benefits involved in the abovementioned case.

We currently represent Mr. Bard with respect to his pursuit of his ERISA benefits, and in the abovementioned federal case pending in the U.S. District Court. As the present time, Mr. Bard does not desire to change this representation unless the U.S. District Court determines that the matter before us has to be arbitrated, and Mr. Bard has to be represented, in which case we reserve further discussion of this matter.

While we understand that the Board of Trustees for the Plan is resorting to arbitration to resolve its decision with regard to Mr. Bard's benefits, Mr. Bard does not consent, expressly or impliedly, to labor arbitration on any matters pending before the Board of Trustees. Mr. Bard takes the position that any decision of the Board of Trustees, while possibly binding on such Trustees as against themselves, would not be binding on Mr. Bard. According to the documents Mr. Bard received pursuant to request, he is entitled to have his ERISA plan benefits' issues determined by federal court, if he does not agree with the decision of the BSA-ILA Plan ("Plan"). It might be pointed out that we, as counsel to Mr. Bard, had tendered request to the Plan for all documents relied upon in deciding the matter of the Plan's benefits, and no documents tendered to us by the Plan (which are all included in our "Administrative Record" filed with the case), state that Mr. Bard's benefits are to be determined by arbitration that is binding on Mr. Bard (we note, however, that the Board trustees may resolve its own internal deadlock by using an umpire).

Attached to Attorney Wanger's copy of this letter herein, and pursuant to Attorney Wanger's request, is an "Administrative Record" that was attached to our complaint filed in the federal court.

We would object to allowing more time to file an answer by the Plan in the federal proceeding, *if the Plan's position is* that the arbitration that is being pursued by the Board of Trustees, is intended to be binding on our client, with our client having no rights to appeal an denial of benefits to the federal court. Such an interpretation would be counter to the rights delineated in the documents that the Plan sent to our Mr. Bard, and upon which our Mr. Bard has relied. If, on the other hand, the Trustees find arbitration helpful amongst themselves, in order to decide what position *they* will take, with no intent to bind Mr. Bard to any such decision, we have no say as to what the Trustees do. But we believe that the Plan has surpassed the time required for "exhaustion of administrative remedies," and unless the Plan awards the claimed benefits, we have no choice than to exercise all of our rights, including the right to argue that Mr. Bard has exhausted all of his administrative remedies.

Mr. Bard has freely given the Plan time to file an answer to the complaint that he filed, to further exhaust administrative remedies, even though such have already been exhausted. After Mr. Bard's appeal to the Board of Trustees, and after several months, the Plan has still failed to award the benefits that Mr. Bard is due.

As stated above, Mr. Bard has given more time for the Plan to answer the complaint, hoping that the Plan would decide whether it was going to award Mr. Bard his benefits, but with us specifically communicating to Attorney Wermuth, as Plan counsel, that Mr. Bard would not consent to anything procedurally, including the grant of an extension for an unknown length of time that it may take for the Board of Trustees to render its final decision. We agreed that we would not bring a motion for default by the dates we agreed to (which have passed some time ago). Nor is it our intent to file a motion for a default at this immediate date (unless the Plan refuses to accommodate Mr. Bard by rescheduling the hearing date), but again, we would like to

make it clear that Mr. Bard does not consent to arbitration as a way for *him* to resolve this matter. If the Board of Trustees wants to resolve its Trustees' differences using an umpire that they so choose, we cannot unilaterally stop it. Mr. Bard, however, does not agree to be bound by any such decision.

Mr. Bard would, of course, accept the benefits due him if offered by the Plan, and the payment of such benefits would obviously avoid the need for further litigation. The hope is that the Plan would decide to provide such benefits.

If it is the intent of the Plan to claim that any decision of the Board of Trustees is a binding decision on Mr. Bard – as opposed to merely a binding decision amongst the Trustees on the Board – we ask that the Plan defer the arbitration hearing otherwise scheduled for December 20th to a later date, pending the federal court's resolution of whether binding arbitration is the manner by which the ERISA benefits are to be resolved, which we would raise prior to such hearing. Meanwhile, we would ask that the Plan file its response to the complaint in the immediate future (and by mutual agreement).

Mr. Bard does not desire to forego his rights to appeal in federal court by failure to object to arbitration as a course of procedure to decide his ERISA benefits.

By writing this letter, we do not intend to waive any of Mr. Bard's rights, whether mentioned or not in this letter, and we hereby reserve any and all rights that Mr. Bard has with respect to his ERISA benefits.

Thank you kindly.

Sincerely,

Robert E. Daidone

cc: Paul Bard

S. A. R. 13

# ANGOFF, GOLDMAN, MANNING, WANGER & HYNES, P.C.

E. DAVID WANGER
J. F. McMAHON
PAUL T. HYNES

COUNSELLORS AT LAW
45 BROMFIELD STREET
FLOORS 8 & 9
BOSTON, MASSACHUSETTS 02108-4106

(617) 723-5500
FACSIMILE: (617) 742-1015

SAMUEL E. ANGOFF
(1920-1978)
SIDNEY S. GRANT
(1925-1957)

OF COUNSEL

ALBERT L. GOLDMAN
ROBERT D. MANNING

Fax and Mail:   617-523-8352

December 14, 2004

Robert E. Daidone, Esq.
100 State Street – 10th Floor
Boston, MA  02109

RE:   BSA-ILA Pension Plan
      Trustee Deadlock: Paul Bard
      (Our File# 352-2004)

Dear Mr. Daidone:

My letter confirms that Mr. Bard does not object to the ILA Trustees' participation pursuant to the trust documents in the upcoming deadlock arbitration. It also confirms that Mr. Bard will not release the ILA Trustees of any claims related to their participation.

The arbitration will proceed on the date scheduled. Please confirm that you have furnished this office with all relevant documents and information supporting a finding that he became disabled while actively employed as a longshoreman. Please also advise if Mr. Bard plans on attending the hearing and, if so, does he wish to testify.

Please respond as soon as is convenient.

Very truly yours,

*John McMahon*

John F. McMahon
JFM\pf
cc:   E. David Wanger, Esq.

S.A.R. 14

# MORGAN, BROWN & JOY, LLP

ATTORNEYS AT LAW
ONE BOSTON PLACE
BOSTON, MASSACHUSETTS 02108-4472

PHILIP G. BOYLE
pboyle@morganbrown.com

TELEPHONE
(617) 523-6666
FACSIMILE
(617) 367-3125

December 15, 2004

**Delivery via Facsimile and U.S. Mail**

Robert E. Daidone
100 State Street
10th Floor
Boston, MA 02109

Re:   BSA-ILA Pension Trust–Paul Bard Trustee Deadlock

Dear Mr. Daidone:

I represent the Boston Shipping Association in the arbitration scheduled for Monday, December 20, 2004. Your letter to Geoffrey Wermuth of December 13, 2004, has been forwarded to me. The issue for the arbitrator is whether Mr. Bard is eligible to apply for a disability retirement under the Pension Plan. The employer asserts he is not. The Trustees are deadlocked within the meaning of the Trustees Plan and arbitration is the method of resolution.

The hearing is at my office and it begins at 10:00 a.m. Mr. Bard is welcome to attend.

Very truly yours,

Philip G. Boyle

PGB/kmc

cc:   Richard Meyer, Esq.
      David Wanger, Esq.
      Geoffrey Wermuth, Esq.

**MURPHY, HESSE, TOOMEY & LEHANE, LLP**
**Attorneys At Law**

CROWN COLONY PLAZA
300 CROWN COLONY DRIVE, SUITE 410
P.O. BOX 9126
QUINCY, MA 02269-9126
TEL: (617) 479-5000   FAX: (617) 479-6469

WORLD TRADE CENTER EAST
TWO SEAPORT LANE
BOSTON, MA 02210
TEL: (617) 479-5000   FAX: (617) 338-1324

ONE MONARCH PLACE, SUITE 1310R
SPRINGFIELD, MA 01144
TEL: (300) 227-6485   FAX: (617) 479-6469

Arthur R. Murphy
James A. Toomey
Katherine A. Hesse
Michael C. Lehane
John F. Flynn
Regina Williams Tate
Edward F. Lenox, Jr
Mary Ellen Sowyrda
David A. DeLuca
Ann M. O'Neill
Michael F.X. Dolan, Jr
Donald L. Graham
Andrew J. Waugh
Scott Hershburger
J. David Morra
Robert M. Delahunt, Jr.
Geoffrey P. Wermuth
Scott E. Bettencourt
William P. Breen, Jr.

Doris R. MacKenzie Ehrens
Mary L. Gallant
Lorna M. Hebert
Joseph T. Bartulis, Jr.
Clifford R. Rhoades, Jr.
Kathryn M. Murphy
Stacey G. Bloom
Michael R. Bernotoni
Adam D. Zunoff
Thomas W. Colomb
Monica Swenson Tosler
David A. Appuguese
Rebecca L. Andrews
Jennifer N. Geosits
Melissa Gamble
Jason M. Gestig
Bryan R. LeBlanc
Christina Gentile
Beth Leopold Ross

Of Counsel
Patti F. Dempsey

*Please Respond to Quincy*

December 17, 2004

1-617-723-6259
Robert E. Daidone, Esq.
100 State Street
10th Floor
Boston, MA 02109

RE:   Bard v. BSA-ILA Pension Plan, USDC CA No. 04-11946-NMG;

Dear Attorney Daidone:

     This letter is to confirm that the proceeding to be held Monday, December 20, 2004, is to have an impartial umpire cast the deciding vote on the issue involving Mr. Bard eligibility to apply for a pension, an issue on which the Plan Trustees have deadlocked. Neither the Plan nor the underlying collective bargaining agreement provides for final and binding arbitration of adverse plan decisions, and in fact there has not been an adverse Plan decision. The Plan's decision is, in fact, up to the impartial umpire in this dispute between the Management and Union Trustees. Nothing in the Plan precludes Mr. Bard from seeking review of Plan decisions (if in fact there is an adverse benefit determination, which remains to be seen) under the appeal process contained in Section 502(a) of ERISA, 29 U.S.C. sec. 1132(a).

     We understand that both our client and yours reserve all rights and arguments going forward and do not waive any rights and arguments going forward.

S.A.R. 16

**MURPHY, HESSE, TOOMEY & LEHANE, LLP**
  Attorneys At Law

Robert E. Daidone, Esq.
RE:   Bard v. BSA-ILA Pension Plan, USDC CA No. 04-11946-NMG:
December 17, 2004
Page 2

    I trust this letter responds to your concerns, and the pending emergency motion in the associated federal court case will be withdrawn and the case held in abeyance pending the decision of the impartial umpire.

                                            Very truly yours,

                                            Geoffrey P. Wermuth

GPW\ms

S.A.R. 17