UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| PAUL BARD,<br>    Plaintiff,<br><br>v.<br><br>BSA-ILA PENSION PLAN, et al.<br>    Defendants | Civil Action No.: O4-11946-NMG |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### JOINT STATEMENT

**DATE/PLACE OF CONFERENCE:**

July 14, 2005, 3:45 P.M., Courtroom 4.

**COUNSEL PRESENT:**

Plaintiff - Robert E. Daidone, Esq.
Defendants - Geoffrey P. Wermuth, Esq.

### CASE SUMMARY

Defendant did not pay disability benefits to Plaintiff under the company Pension Plan. Plaintiff filed this suit under ERISA seeking retroactive disability payments, future disability benefits, and normal retirement benefits, plus interest, costs and attorneys fees.

**DEMAND:** Approximately $150,000.00 plus 5% interest for "retroactive benefits" for the period July 23, 2001 to July 23, 2005, which amounts to principal allegedly owed and waiving costs, attorneys fees and some interest; **plus**, ongoing monthly disability benefits until retirement date; **plus**, commencement and continuation of normal retirement benefits.

**OFFER:** None.

**JURISDICTIONAL QUESTIONS:** None

**QUESTIONS OF LAW:** None

TYPE OF TRIAL:        Bench, upon the administrative record.

## DISCOVERY

**TRACK ASSIGNMENT:**

Standard.

**DISCOVERY NEEDED:**

None.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1))**

Waived.

**ADDITIONAL MATTER:**

**Disagreement as to whether Defendant may supplement administrative record described by Plaintiff: issue is submitted by Plaintiff as part of his Motion for Judgment on Pleadings And/Or Case Stated And/Or Summary Judgment, filed with this Court on July 7, 2005.**

## OTHER ITEMS

**ANSWER TO AMENDED COMPLAINT:**

**Due on same date as dispositive motions (see below).**

**DISPOSITIVE MOTIONS:**

Plaintiff's position:
Defendant's Opposition to Plaintiff's Motion for Judgment on Pleadings And/Or Case Stated And/Or Summary Judgment due within 14 days of Scheduling Conference. Plaintiff's Motion for Summary Judgment or other dispositive motion(s) due on the same date as Opposition. Response(s) by Plaintiff due within 14 days thereafter. Because Plaintiff requested all documents from Defendant Pension Plan during June, 2004 and included them, together with all documents Plaintiff re-submitted and submitted during August 16, 2004 before the Plan's August hearing date, in its appendix to its Complaint entitled "Administrative Record" (which Plaintiff is of the position should be all the documents needed to decide this case), and Plaintiff's position is that it exhausted its administrative remedies before this suit was filed on or about September 7, 2004, Plaintiff further takes the position that no documents other than those on the date of its suit should

be allowed to become part of the Administrative Record, and therefore, any issues that Defendant has with respect to the "Administrative Record" as Plaintiff has submitted and proposes it, can be addressed by way of Opposition to Plaintiff's Motion entitled "Plaintiff's Motion for Judgment on Pleadings And/Or Case Stated And/Or Summary Judgment" filed by Plaintiff on July 7, 2005, because said Motion raises the definition of the Administrative Record as an issue, as well as the other issues raised herein. Plaintiff is of the further position that it has accommodated the Plan by continuing the need for an Answer to be filed from September, 2004 to April, 2005, and consequentially, that this case has advanced only slightly, and for the future, Plaintiff seeks deadlines in accordance with the Federal Rules of Procedure (subject to emergencies or specific circumstances). Plaintiff is further of the position that the Court's ruling on Plaintiff and Defendant's dispositive motions will clarify the future course of this case.

<u>Defendant's position</u>: Defendants propose a sixty (60) day period for the assembly of the administrative record, after which time the case will be ripe for the filing of dispositive motions. Defendants propose that dispositive motions be filed on or before September 16, 2005, with Oppositions filed on or before fourteen (14) days thereafter, or by September 30, 2005.

**JOINT STATEMENT RE SUITABILITY FOR MEDIATION:**

This case is not suitable for mediation.

**OTHER MATTERS:**

Whether the case should be heard as cross motions for summary judgment, judgment on the pleadings, or on a case stated; what standard of review should apply; on what date the administrative record should be deemed complete; whether the administrative record should include proceedings after the date that Plaintiff had exhausted his administrative remedies; on what date Plaintiff had exhausted his administrative remedies.

**Rule 16.1(D)(3) CERTIFICATIONS:**

Attached.

                                        Respectfully Submitted,
                                        **PAUL BARD**
                                        Through his Attorney

Dated: July 13, 2005

                                        Robert E. Daidone, Esq.

BBO #544438
44 School St., Suite 500
Boston, MA 02108
Tel.: 617-722-9310

Respectfully Submitted,
**DEFENDANTS**
Through their Attorney

Dated: July 13, 2005

_____
Geoffrey P. Wermuth, Esq.
BBO No. 559681
Murphy, Hesse, Toomey & Lehane, L.L.P.
World Trade Center East
2 Seaport Lane, 4th Floor
Boston, MA 02210
Tel: 617/479-5000

04-11946

## UNITED STATE DISTRICT COURT LOCAL RULE 16(D)(3) CERTIFICATION

Defendants and Defendants' counsel hereby certify that they have conferred on the topics of case budget and alternative dispute resolution as per Local Rule 16.1(D)(3).

Dated: July 12, 2005

_____
Geoffrey P. Wermuth, BBO #559681
Murphy, Hesse, Toomey & Lehane LLP
World Trade Center East
2 Seaport Lane, 4th Floor
Boston, MA 02210
(617) 479-5000

Dated: July 12, 2005

_____
Richard F. Meyer (for all Defendants)
Executive Director
The Boston Shipping Association, Inc.

-4-