UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL BARD, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | NO. 04-11946-NMG |
| ) | |
| BOSTON SHIPPING ASSOCIATION – ) | |
| INTERNATIONAL LONGSHOREMEN'S ) | |
| ASSOCIATION PENSION PLAN, ) | |
| a/k/a BSA-ILA PENSION PLAN, ) | |
| a/k/a BSA-ILA TRUST FUND, ) | |
| ) | |
| Defendant, ) | |

PLAINTIFF, PAUL BARD'S, OPPOSITION TO DEFENDANT'S
CROSS- MOTION FOR JUDGMENT AS A MATTER OF LAW

Plaintiff, Paul Bard, opposes the Defendant's Cross-Motion For Judgment as a Matter of Law. In support of this Opposition, Mr. Bard states, in response to each of Defendant's statements in its Cross Motion:

1. That the Plan does provide discretion to the Trustees, and ordinarily, the arbitrary and capricious standard of review would be appropriate. In this case, however, the Trustees' discretion under the Plan provision that governs disability benefits (Article VIII of the Plan) limits the Trustees discretion to a decision "based upon competent medical evidence." Further, the Plan failed to make a decision in a timely way on an Administrative Record that consisted of three doctors' opinions, a Social Security finding that Mr. Bard was disabled while still employed, and the Boston Shipping Association's

own health care professionals' recognition of Mr. Bard's symptoms during March, 2000. Further, Dr. Chakabarti, M.D. opined that Mr. Bard was disabled, retroactive to March, 2000 (Mr. Bard has requested relief from July 22, 2001, not March, 2000). These opinions are all part of the Administrative Record, and together provide overwhelming evidence of Mr. Bard's disability while still employed;

 2. That the Trustees have failed to follow the mandates of the Plan -- to determine Mr. Bard's disability benefits on the basis of "competent medical evidence" -- and failed and/or refused to make a decision within the time requirements of the Plan even though the record is overwhelmingly in Mr. Bard's favor.  Their ultimate decision – rendered during April, 2005 after this lawsuit was already pending for several months, and also several months following Mr. Bard's application during October, 2003, is seriously flawed, because the decision is based upon the Trustees' own personal observations: "Mr. Bard couldn't have been disabled because he worked up to the date of his termination."  The Trustees fail to base their decision on the competent medical evidence before them.  That evidence reflects a mental disability, not a physical disability. Outwardly Mr. Bard may have looked fine to them, but inside Mr. Bard was permanently and totally (mentally) disabled. This was determined by three doctors, the Social Security Administration, and questioned by the employer's own health professionals as far back as March, 2000 (when Mr. Bard exhibited symptoms evidencing such disabilities), and later confirmed by Mr. Bards *treating* medical doctors.

 3. Based on the Administrative Record, which is composed of affirmative competent medical evidence that supports Mr. Bard's position, and contains no contrary competent medical evidence against him, Mr. Bard should prevail, and Mr. Bard asks that this Court

enter a judgment on such record on a *de novo* basis, as the Trustees improperly failed/refused to grant Mr. Bard his disability benefits during the time limits of the plan, the time limits of the Department of Labor Regulations, or even after the fact, and Mr. Bard does not think that he would get a fair adjudication upon a remand to the same Board of Trustees.  The Board of Trustees is composed of representatives from the Union and the Employer; Mr. Bard is barred from union work, no longer an employee, and forever barred from working in his industry by the employer and union.  Directly or indirectly, The Union and Employer obtain a financial benefit by refusing to grant Mr. Bard his benefits, and the future costs for the Union and Employer to fund the Plan and their respective entities would be less by denying Mr. Bard's claim.

   4. While Mr. Bard's disability occurred while still employed, and Mr. Bard requests only that the benefits commence from the last date employed, The Plan provides benefits to Participants in the Plan (not just employees who experience an onset while employed) who become disabled, as long as they have a work history of 15 Years of Service with the employer.

   5. The parties both appear to agree that this case can be decided on the case stated before the court at this time, as they have both requested judgment as a matter of law.

   WHEREFORE, Mr.Bard asks that this Court enter judgment on the basis of the pleadings and Administrative Record in favor of Mr. Bard, and not remand this case to the Board of Trustees, for the reasons set forth in the third Paragraph above.

September 21, 2005

                               PAUL BARD,
                               By His Attorney,

                               (signature on file with the Court)
                               _____

          Robert E. Daidone, Esq.
          BBO# 544438
          44 School Street
          Suite 500
          Boston, MA 02108
          (617) 722-9310

## CERTIFICATE OF SERVICE

I, Robert E. Daidone, Esq. hereby certify that I served the above on Defendant's counsel by filing such electronically on the U.S. District Court's system on this 21st day of September, 2005.

          (signature on file with the Court)
          _____
          Robert E. Daidone, Esq.